[Civ. No. 3664. Second Appellate District, Division One.—July 7, 1921.]

IRENE M. MOHN, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

[1] SURETIES—STAY BOND ON APPEAL—EXECUTION BY SEVERAL PERSONS—INSUFFICIENT QUALIFICATION.—An undertaking to stay execution upon a money judgment on appeal executed by six sureties, the affidavits of five of whom show they are severally worth amounts less than that specified in the undertaking, the aggregate of which is less than that required of one sufficient surety, is not sufficient to stay the execution in view of the provisions of section 1057 of the Code of Civil Procedure, although the affidavit of the

other surety shows that she is worth more than the amount specified in the undertaking.

[2] ID.—STAY OF EXECUTION—STATUTORY PROCEEDING.—A stay of execution upon a judgment on appeal is a matter of statutory regulation and can only be had upon a substantial compliance with the provisions of the code.

APPLICATION for a Writ of Mandate to compel the issuance of a writ of execution. Granted.

The facts are stated in the opinion of the court.

Wright & McKee, Charles C. Crouch and Hugh A. Sanders for Petitioner.

A. J. Morganstern and Iverson L. Harris for Respondent.

SHAW, J.—This is an application by petition made upon notice for a peremptory writ of mandate commanding respondent, the superior court of San Diego County, to make an order directing the clerk thereof to issue a writ of execution upon a judgment for $100,000 rendered by said court on March 17, 1921, in favor of petitioner and against Katherine Tingley, from which judgment the latter has appealed.

For the purpose of staying execution of the judgment, Katherine Tingley, defendant in the action, executed an undertaking in the sum of $200,000, upon which the sureties thereon qualified as follows:

| | |
|---|---:|
| Willard Smith for | $   6,000; |
| Abbott Clark for | 27,000; |
| Orange Clark for | 27,000; |
| Hyman Lischner for | 40,000; |
| Dinah W. Morris for | 80,000; and |
| Elizabeth C. Spalding for | 220,000; |
| Making a total of | $400,000 |

Upon the justification so had, the court held the undertaking sufficient to stay execution upon the judgment, and denied the petitioner's motion for an order requiring the clerk to issue an execution thereon.

Section 942 of the Code of Civil Procedure provides that in order to stay a money judgment from which an

appeal is taken, a written undertaking must be executed
on the part of the appellant by two or more sureties in
double the amount named in the judgment. By section 1057
of the Code of Civil Procedure the sureties are required
to accompany the undertaking with an affidavit to the
effect that they are each worth the sum specified in the
undertaking; provided, however, that when the amount
specified in the undertaking exceeds $3,000 and there are
more than two sureties thereon, they may state in their
affidavit that they are severally worth amounts *less* than the
amount specified in the undertaking, if the whole amount
is equivalent to that of two *sufficient* sureties. In the
instant case and under these provisions, in order to con-
stitute *sufficient* sureties if but two, *each* must have qualified
in the sum of $200,000 specified in the undertaking, thus
affording as security for the payment of the judgment
two sureties each of whom would, subject to the conditions
of the undertaking, be obligated to pay the judgment.

[1] The undertaking in question is not its equivalent.
There are six sureties, the affidavits of five of whom show
they are severally worth amounts less than that specified
in the undertaking, the aggregate of which sums, to wit:
$180,000, is *less* than that required of one sufficient surety.
The affidavit of the other surety, Elizabeth C. Spalding,
shows that she is worth $220,000; that is, $20,000 more than
the amount specified in the undertaking. While the total
for which these sureties qualify is equivalent to that
which would be required if there were but two sureties,
nevertheless it is not the equivalent of two *sufficient* sure-
ties each of whom is obligated in the sum of $200,000. In
other words, it is equivalent to one sufficient surety who
qualifies for $220,000 and another surety who qualifies for
$180,000 only. An undertaking in the sum of $200,000
executed by eleven persons one of whom justifies for
$399,990 and the others in the sum of one dollar each would
be the equivalent in amount of that required from two
sureties, but instead of two, each of whom is obligated in
the sum specified in the undertaking, there would be but
one qualifying in double the amount so specified; hence
but one sufficient surety. The provision of the statute al-
lowing sureties, where more than two, to qualify for *less*
than the amount specified in the undertaking, is significant,

and must be construed in accordance with the plain import of the language used. It cannot be construed as authorizing a stay upon an undertaking executed by more than two sureties in the sum required where, in order to constitute an amount equivalent to two sufficient sureties, one of them states he is worth more than the amount therein specified and the total for which the others qualify is less.

[2] A stay of execution upon a judgment on appeal therefrom is a matter of statutory regulation and can only be had upon a substantial compliance with the provisions of the code. While, in our opinion, the undertaking in question was given in good faith and is ample to secure the payment of the judgment, nevertheless, in the absence of such compliance, courts have no discretion in the exercise of which they can stay the issuance of the execution.

It is ordered that a peremptory writ of mandate issue to the superior court of San Diego County, respondent herein, returnable in ten days from the service thereof, commanding it to make an order requiring the clerk of said court to issue an execution upon the judgment as prayed for.

Conrey, P. J., and James, J., concurred.