[L. A. No. 14503. In Bank.—May 31, 1934.]

G. C. DE GARMO, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

G. C. De Garmo, *in pro. per.*, Newby & Newby, and W. M. Crane for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, and Meserve, Mumper, Hughes & Robertson for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Second Appellate District, Division One. Upon further consideration, we are satisfied that the said court has correctly determined the issues, and we therefore adopt the opinion of Mr. Justice *pro tempore* Desmond, together with a part of the opinion of the court on petition for rehearing, as the opinion of this court. They read as follows:

"This is an application for a writ of mandate or such other writ as may be appropriate to secure cancellation of an order made by a judge of the Superior Court of Los Angeles County approving an undertaking upon an appeal from a judgment entered in favor of plaintiff for the sum of $37,480; and also to secure issuance by the county clerk of a writ of execution upon the judgment which plaintiff, here the petitioner, has obtained.

"While the trial court was conducting the hearings to determine the sufficiency of the undertaking entered into by various sureties, the defendants offered to post the sum of $5,000 with the county clerk to be held as additional security under the bond, the court having indicated that it desired an additional $20,000 in the way of sureties above those appearing on the undertaking, and the $5,000 cash being offered in lieu thereof. Counsel for defendant agreed that a cashier's check endorsed to L. E. Lampton, County Clerk, should stand as part of the bond or undertaking, 'the sum to be held by the County Clerk, to abide the decision of the reviewing court in case judgment appealed from is affirmed shall be applied in satisfaction of the judgment'. This arrangement followed a declaration by the trial judge that he hesitated about allowing every item presented as a part of the aggregate undertaking of $74,960. There can be no question, therefore, that the $5,000 was intended .for and was accepted by the court as part of the

undertaking, especially in view of the language employed in the endorsement entered by the court upon the document as follows: 'May 22, 1933. The appellants having deposited with the clerk the sum of $5,000.00 as part of the undertaking and to be used to satisfy any final judgment against appellants, the written undertaking is approved. Walton J. Wood, Judge.' This conclusion is confirmed by consideration of the formal order approving the undertaking signed May 24, 1933, *nunc pro tunc* as of May 22, 1933.

■ "It is apparent from the foregoing that the undertaking upon appeal, furnished by appellant and by the court approved, does not meet the requirement of section 942 of the Code of Civil Procedure, because that section makes no provision for a bond of a dual nature, part cash and part surety, but expressly provides for a written undertaking binding the sureties personally to pay whatever is due from appellant upon affirmance of the judgment, if appellant fails to pay. Section 948 of the Code of Civil Procedure provides that 'in all cases where an undertaking is required on appeal by the provisions of this title, a deposit in the court below of the amount of the judgment appealed from, shall be equivalent to filing the undertaking'. Inasmuch as the judgment in this case was $37,480, it is manifest that the deposit of $5,000 does not meet the requirement of section 948.

■ "We have then a situation in which appellant has failed to furnish a sufficient undertaking or a sufficient cash deposit within the terms of the code provisions. As dated in *Mohn* v. *Superior· Court*, 53 Cal. App. 425, 428 [200 Pac. 360, 361]: 'A stay of execution upon a judgment on appeal therefrom is a matter of statutory regulation and can only be had upon a substantial compliance with the provisions of the code.' Since there is here no substantial compliance with the code requirements, it follows that petitioner is entitled to his writ.

■ "It is suggested by respondent Lampton in his petition for rehearing that the writ of mandate may not properly issue against him, because the Superior Court was not made a party before this court. In the argument under that heading it is further suggested that where the interests of parties will be affected by the issuance of a writ, they must be made parties to such proceedings.

"The Superior Court, together with respondent Lampton as county clerk, was named as a respondent in this proceeding. The court issued its alternative writ to the clerk alone. If we admit for the purposes of the argument that we should have issued the writ to the Superior Court as well as to the clerk, and if we further agree that it would have been better practice to direct that the parties in interest in the action in the court below be brought in to defend their interests in the matter, nevertheless the actual presentation to this court was, in fact, not thereby altered. Respondent Lampton was represented here by the same counsel who had appeared for the defendants in the action in the court below; and we do not doubt that the argument made by them in the proceeding here upon the merits was exactly the same argument which they would have made if the writ had been issued to the Superior Court and to the parties in interest in the action. Therefore it would be an idle act to grant a rehearing merely for the purpose of bringing in additional parties.

"The order herein made for issuance of the peremptory writ has been by this court rested solely upon the opinion that the order of the Superior Court relied upon by respondent to justify his refusal to issue the execution was a void order. From this we concluded that the case here presented 'a situation in which appellant has failed to furnish a sufficient undertaking or a sufficient cash deposit within the terms of the code provisions'. We adhere again to the resulting conclusion that the writ should issue against respondent clerk, the purpose being 'to compel the performance of an act which the law specially enjoins, as a duty resulting' from his office. (Code Civ. Proc., sec. 1085.)"

It is ordered that a writ of mandate issue to the County Clerk of Los Angeles County, respondent herein, commanding him to issue an execution upon the judgment as prayed for, unless within thirty days from the entry of this order the appellants file an undertaking to stay execution approved by the lower court.

PRESTON, J., Dissenting.—I think the bond is sufficient.

Rehearing denied.

Preston, J., dissented.