[Civ. No. 9437. First Appellate District, Division Two.—July 9, 1934.]

THE FIDELITY & CASUALTY COMPANY OF NEW YORK (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Hadsell, Sweet, Ingalls & Lamb for Petitioner.

Roy G. Hudson and Young, Hudson & Rabinowitz **for** Respondents.

SCHMIDT, J., *pro tem.*—This matter comes before the court on a petition for writ of review upon the following facts: That on the twenty-second day of November, 1929, the Superior Court in and for the City and County of San Francisco, in its action No. 201509 Civil, rendered and entered its judgment in favor of Philip G. Herrlein, plaintiff, as follows:

"1. That defendant Fred A. Tocchini is indebted to plaintiff Philip G. Herrlein in the sum of $45,657.50 . . .

"2. That defendant Lilienthal, Bremer & Co. be and it is hereby ordered to pay over to plaintiff Philip G. Herrlein the sum of $12,000.00 now on deposit with said defendant Lilienthal, Bremer & Co., which sum of $12,000.00 was deposited with said defendant by or on behalf of defendant Fred A. Tocchini, said $12,000.00 to be applied on account of the judgment in paragraph 1 hereof specified.

"3. That defendant Lilienthal, Bremer & Co. be and it is hereby ordered to pay over to plaintiff Philip G. Herrlein all cash dividends received by it or received by either of the plaintiffs and paid to the said defendants, which said cash dividends amount to the sum of $1,139.08, and which said sum is to be applied on account of payment of the judgment in paragraph 1 hereof specified.

"4. That defendant Lilienthal, Bremer & Co. be and it is hereby ordered to sell all of the shares of stock hereinbefore on page 2 hereof set forth (saving and excepting . . . ), or so much thereof as may be necessary to pay the balance of the judgment herein rendered in favor of plaintiff Philip G. Herrlein after applying thereto the sum of $12,000.00 and the cash dividends hereinabove referred to and to pay the net proceeds of such sale, or sales, to said plaintiff Philip G. Herrlein. . . .

"6. It is further ordered, adjudged and decreed that in the event the said sum of $12,000.00 ordered to be paid plaintiff Philip G. Herrlein by defendant Lilienthal, Bremer & Co., together with the cash dividends now in the possession of Lilienthal, Bremer & Co., in the sum of $1,139.08, together with the net proceeds of the stock ordered to be sold by defendant Lilienthal, Bremer & Co., shall not be sufficient to pay the plaintiff Philip G. Herrlein the said sum of $45,-657.50, with interest from July 16, 1928, at seven per cent

per annum, together with plaintiff's cost of suit, that in that event plaintiff Philip G. Herrlein have judgment against defendant Fred A. Tocchini for any deficiency remaining due to plaintiff Philip G. Herrlein after such sale and application as hereinabove provided, and defendant Lilienthal, Bremer & Co. is hereby ordered and directed after making such sale, or sales, of stock to make and file a return herein specifying the results thereof.

"7. That plaintiff Philip G. Herrlein have judgment for his costs of suit herein incurred, to-wit, $65.75."

The judgment also provided for the disposition of any shares of stock remaining in the hands of defendant Lilienthal, Bremer & Co. after sale and satisfaction of judgment.

From this judgment the defendants Tocchini appealed. Thereafter, on application of said appealing defendants, the Superior Court made its "Order Fixing Stay Bond on Appeal from Judgment", wherein it was recited, "Whereas, in fixing the amount of the bond hereinafter determined the court has taken into consideration that there is now in the possession of the defendant Lilienthal, Bremer & Co., and available for the satisfaction of the judgment herein rendered, the sum of Thirteen Thousand One Hundred Thirty-nine Dollars and eight cents ($13,139.08) in cash and the following enumerated shares of stock . . . Now, therefore, it is ordered . . . that the amount of said bond and undertaking be, and the same is hereby fixed in the sum of $25,000.00.

"It is further ordered . . . that pending a final determination of the appeal herein the shares of stock and the cash hereinabove specified be held in possession of defendant Lilienthal, Bremer & Co., subject to any final judgment that may be entered herein."

Pursuant to this order fixing undertaking on appeal, a bond of the Fidelity & Casualty Company of New York (petitioner herein) in the sum of $25,000 was presented, which undertaking, after reciting the fact of a money judgment for $45,656.50 and $65.75 costs, further provided: "in consideration of the premises and of such appeal, the undersigned . . . does hereby undertake and promise on the part of the Appellants that said Appellants will pay *all damages and costs* which may be awarded against Fred A. Tocchini and H. J. Tocchini on the appeal, or on a dis-

missal thereof, not exceeding twenty-five thousand and 00/100 dollars, to which amount it acknowledges itself bound''.

In due course the judgment of the Superior Court, except for an item of interest, was affirmed (*Herrlein* v. *Tocchini*, 128 Cal. App. 612 [18 Pac. (2d) 73]) and hearing in the Supreme Court was denied.

After the filing of the *remittitur* in the lower court and more than thirty days thereafter, the Anglo California National Bank of San Francisco, assignee of the judgment plaintiff, served upon the petitioner herein, the Fidelity & Casualty Company of New York, its notice of motion for an order for entry of judgment against said petitioner in the sum of $25,000, and pursuant thereto the trial court granted the motion and entered its order for judgment against petitioner and in favor of said Anglo California National Bank. The petition herein is to review said order granting said motion and the judgment made and entered pursuant thereof.

The contention of appellant is that the judgment, pursuant to the court's order granting the motion of the Anglo Bank, was void for the reason that the bond, as approved and filed, failed to comply with that portion of section 942 of the Code of Civil Procedure providing that a written undertaking be executed to the effect that the surety is bound in double the amount named in the judgment, and if the judgment appealed from be affirmed will pay the amount directed to be paid by the judgment. We agree with this contention for an examination of the wording of the bond shows that it did not contain such a provision and only provided for damages and costs. Section 942 specifically provides that the bond shall contain three matters: (a) payment of the amount directed to be paid by the judgment as affirmed; (b) all damages; (c) costs which may be awarded against the appellant upon the appeal.

The latest expression of our Supreme Court on this question is found in *De Garmo* v. *Superior Court*, 221 Cal. 83 [33 Pac. (2d) 411], quoting from *Mohn* v. *Superior Court*, 53 Cal. App. 425, 428 [200 Pac. 360]: "A stay of execution upon a judgment on appeal therefrom is a matter of statutory regulation and can only be had upon a substantial compliance with the provisions of the code.''

Inasmuch as the undertaking under consideration neither contained a provision that the surety would be bound "in double the amount named in the judgment" nor a provision that the surety "will pay the amount directed to be paid by the judgment" as affirmed, it necessarily follows that the writ prayed for must be granted.

It is ordered that a writ issue annulling and canceling said judgment, petitioner to recover its costs herein.

Nourse, P. J., and Sturtevant, J., concurred.