[S. F. No. 1225.   Department One.—February 15, 1900.]

LAURA L. HAWLEY, Respondent, v. GRAY BROTHERS ARTIFICIAL STONE PAVING COMPANY, Defendant. H. N. GRAY and A. E. BUCKMAN, Appellants.

APPEAL—BOND TO STAY EXECUTION—JUDGMENT AGAINST SURETIES—PROCEDURE IN ORIGINAL ACTION.—The entry of judgment against the sureties upon a bond to stay execution pending an appeal is not a special proceeding within the meaning of section 23 of the Code of Civil Procedure, but is part of the procedure in the original action authorized by section 942 of the Code of Civil Procedure, and is in sequence of the judgment rendered therein against the appellant.

ID.—STIPULATION OF SURETIES—PARTIES TO ACTION.—Under the provisions of the code. the sureties upon the appeal bond stipulate that upon the affirmance of the judgment appealed from, if the appellant does not pay the same within thirty days after the filing of the *remittitur,* judgment may be entered against them for the amount of said judgment, with the interest then due thereon; and they thereby make themselves parties to the original action, and the proceedings against them are taken therein.

ID.—PREMATURE JUDGMENT—EFFECT OF REVERSAL.—The reversal of a premature judgment entered against the sureties less than ·

thirty days after the filing of the *remittitur* affirming the judg-
ment leaves the parties in the same position held by them be-
fore it was rendered. It does not affect or impair the obliga-
tion of the sureties upon their undertaking, which is the same
as if no judgment had been rendered against them; and the
plaintiff is still entitled to enforce that obligation by a proper
motion for judgment against them.

ID.—PRESUMPTION—REQUEST OF APPELLANTS FOR VACATION OF JUDG-
MENT.—Upon appeal from a judgment properly entered against the
sureties, it will be presumed, if necessary, that the former
premature judgment reversed upon appeal was vacated at the
request of the appellants.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, for Appellants.

Olney & Olney, for Respondent.

HARRISON, J.—The respondent recovered a money judg-
ment against the Gray Brothers Artificial Stone Paving Com-
pany, from which the defendant therein appealed to the su-
preme court, and the appellants herein, as sureties for said ap-
pellant, executed an undertaking on appeal sufficient in form
and amount to stay the enforcement of the judgment. The
judgment appealed from was affirmed, and a *remittitur* from
this court was filed in the superior court June 7, 1897. Upon
the same day, that court, upon motion of the plaintiff, entered
judgment against the sureties upon their undertaking. From
this judgment the sureties appealed, and, upon the confession
of the respondent therein that the judgment appealed from was
prematurely entered, this court reversed the judgment and re-
manded the cause. Thereafter the superior court, upon the
motion of the plaintiff, ordered judgment to be entered against
the appellants herein—the sureties on the original appeal—and
from the judgment thus entered they have appealed.

The entry of judgment against the sureties upon an appeal
bond is not a special proceeding within the definition of section
23 of the Code of Civil Procedure, but is a part of the proce-
dure in the original action authorized by section 942 of the Code
of Civil Procedure, and is in sequence of the judgment rendered

therein against appellant.  Under the provision of this section the sureties stipulate that upon the affirmance of the judgment appealed from, if the appellant does not pay the same "within thirty days after the filing of the *remittitur*," judgment may be entered against them for the amount of said judgment, with the interest that may then be due thereon.  They thus make themselves parties to the original action and the proceedings against them are all taken in that action.

By the terms of their undertaking the appellants herein did not become liable to the plaintiff until the expiration of thirty days after the *remittitur* upon the affirmance of the judgment had been filed in the superior court.  That court was not authorized, therefore, to render judgment against them upon the same day that the *remittitur* was filed, and the judgment thus entered was properly reversed.  The reversal of that judgment had the effect to annul the action of the superior court and to leave the parties in the same position that they held before it was rendered.  Such reversal did not affect the obligation of the sureties upon their undertaking, but their liability thereon was the same as if no judgment had been rendered against them. The plaintiff was still entitled to enforce this liability, and the court was authorized to render judgment therefor against them.

The judgment appealed from is regular in form, and upon its face purports to have been rendered upon the liability incurred by the appellants upon their undertaking in the former appeal. Instead of being impaired by the rendition of the former judgment, it would, if necessary, be presumed that the former judgment was vacated at the request of the appellants.  (*Paige v. Roeding*, 96 Cal. 388; *Von Schmidt v. Von Schmidt*, 104 Cal. 547.)

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.