[Civ. No. 25918.   Second Dist., Div. One.   Oct. 19, 1962.]

G. KATHRYN ZINKE, Plaintiff and Appellant, v. ZINKE REBOTTOMING SHOE COMPANY, INC., et al., Defendants and Respondents.

G. Norman Kennedy and Andrew J. Weisz for Plaintiff and Appellant.

Schauer, Ryon & McIntyre and Jerry F. Brown for Defendants and Respondents.

WOOD, P. J.—This is an action by G. Kathryn Zinke against Joseph W. Zinke for a divorce. The first cause of action of the third amended complaint (hereinafter referred to as the complaint) is based on a charge of adultery; the second on a charge of extreme cruelty; the third on a charge of habitual intemperance. The fourth cause of action is based on the charge of adultery referred to in the first cause of action, and it alleges further that: the community property includes shares of stock or interests in four corporations, defendants herein; that Joseph W. Zinke and two other persons named as defendants are the officers and directors of the corporations; another person (named as a defendant) was formerly an officer of these corporations.

All the defendants demurred to the complaint. The defendants other than Joseph W. Zinke also made a motion to dismiss the complaint, and a motion to strike certain portions thereof. On June 9, 1961, the demurrer of Joseph W. Zinke to the fourth cause of action was sustained with leave to amend "only in so far as plaintiff may wish to allege a cause of action to set aside the husband's transfer of community real property not joined in by plaintiff." The demurrer of the other defendants to the first three causes of action was sustained without leave to amend, and their motion to strike was granted as to the fourth cause of action.

On June 16 a judgment was entered dismissing "the complaint" as to all defendants except Joseph W. Zinke. On July 11 plaintiff's attorney and Joseph W. Zinke's attorney stipulated in writing "that the court may make and enter its order dismissing the fourth cause of action." The stipulation included the following statement: "This stipulation is without prejudice as to any further rights either of the parties may have with respect to said order [of June 9] sustaining demurrer and order dismissing fourth cause of action including, but not limited to, such right of appeal as may exist." On August 1 an order was made dismissing the fourth cause of action.

Plaintiff states in her notice of appeal that she appeals from the judgment entered on June 16, 1961 (the judgment of dismissal as to defendants other than Joseph W. Zinke), "and from the certain order made by the said court on June 9, 1961, in favor of these defendants in the above styled cause and against the plaintiff and from the whole thereof, as to said judgment entered on June 16, 1961, and from said order made on June 9, 1961, in favor of defendant, Joseph W. Zinke, as

against the plaintiff and from the judgment entered August 2, 1961." Apparently the orders referred to are the order of June 9, sustaining the demurrer of Joseph W. Zinke to the fourth cause of action, and the order of August 1 dismissing the fourth cause of action.

The fourth cause of action includes allegations: setting forth statistical facts required in a divorce action; charging Joseph W. Zinke with adultery; and listing property which it is claimed is community property. Among the items of property listed are: "(c) Zinke Re-Bottoming Shoe Co., Inc., 4500 shares of capital stock, . . .; (d) Zinke Re-Newing Shoe Corp., 52,251 shares of capital stock, . . .; (e) California Leather Jobbing Corp., 24,166 shares of capital stock, . . .; Zinke Factory Shoe Repairing Co., interest unknown." (The corporations above named are defendants in the action.) The cause of action also includes the following allegations: The defendants now have possession of all the community property of the parties except the family residence and household furniture; defendant Joseph W. Zinke, by mismanagement, waste, fraud and gift has conspired with defendants J. D. Zinke, Zelda Zinke, and L. J. Hughes to deprive "the community here" and plaintiff of assets and earnings rightfully belonging to "the community." The following acts are set forth to support the allegations of conspiracy: Payment of personal expenses of Joseph W. Zinke, J. D. Zinke, and Zelda Zinke from corporate funds; transfer of assets of the corporations to Zelda Zinke; sales of personal property of the corporation by Joseph W. Zinke, and the retention by him of the proceeds of the sales; failure to obtain notes from Joseph W. Zinke for money loaned to him by the corporations; waste and diminishment of the assets of the corporations for the personal use and benefit of Joseph W. Zinke, J. D. Zinke, and Zelda Zinke; concealment from the shareholders of one of the corporations that shareholders' meetings had been held, and failure to hold "announced" meetings; failure of Joseph W. Zinke, J. D. Zinke, Zelda Zinke and one of the corporations to declare a dividend, other than one cent a share, on the stock of the corporation for the year 1958, although J. D. Zinke told the attorney for the corporation that the corporation had $100,000, and the attorney told J. D. Zinke that "he" would have to declare a dividend; wilful concealment, by the officers and directors of the corporation, from the "community estate" and plaintiff, of the assets and earnings of the corporations.

The fourth cause of action alleges further, in substance, as follows: By reason of the conduct of defendants, plaintiff's community interest in the capital and income of the corporations has been concealed and wrongfully taken from her. The individual defendants have fraudulently converted to their use money which should be declared as dividends. Each of the corporations is the *alter ego* of defendants Joseph W. Zinke, J. D. Zinke, and Zelda Zinke, and the corporations are operated for the personal use and benefit of said defendants. There is no adequate remedy at law by which plaintiff can ascertain the community assets of plaintiff and Joseph W. Zinke or the income of Joseph W. Zinke. The affairs of the corporations have been "operated" by defendants J. D. Zinke and Zelda Zinke, since 1951. Zelda Zinke was secretary and treasurer of the corporations from 1951 to October 1958, and is now executive assistant to J. D. Zinke. Defendants Joseph W. Zinke, J. D. Zinke, and L. J. Hughes are officers and directors of each of the corporations. Since 1951 none of the corporations has declared dividends consistent with the real earnings thereof. Zinke Factory Shoe Repairing Company is a wholly owned subsidiary of Zinke Re-Newing Shoe Corporation; the other corporate defendants are owned by members of the Zinke family, other than plaintiff. Defendants Joseph W. Zinke, J. D. Zinke, and Zelda Zinke should be declared to be trustees of all money and property acquired, retained and expended for their personal use and benefit. Defendant Joseph W. Zinke has mismanaged the affairs and community property of said defendant and plaintiff, and to allow him to continue to manage such affairs will work a great monetary disadvantage with respect to plaintiff's interest in the community property; a receiver should be appointed to manage the community affairs pending the determination of the action.

The prayer of the complaint is that: the marriage be dissolved; plaintiff have custody of the minor children; the community property be awarded as equity may require; defendants be enjoined from disposing or encumbering the community property; Joseph W. Zinke be enjoined from disposing or encumbering the separate property of the parties; Joseph W. Zinke be ordered to pay reasonable sums for the support of plaintiff and the minor children, and for attorney's fees; a receiver of the community property be appointed; a receiver of the corporate defendants be appointed; the court declare that the defendants are trustees of such assets of defendants as rightfully belong to plaintiff as her interest

in the community property; an accounting be made of the affairs of the corporations and "partnerships"; the court decree that each of the corporations is the *alter ego* of the individual defendants and partnerships, and that each of the corporations is a family partnership consisting of Joseph W. Zinke, J. D. Zinke, and Zelda Zinke; the court award to plaintiff, as equity may require, her community interests in the partnerships.

As above stated, plaintiff appeals the judgment of dismissal (of June 16, 1961) as to the defendants other than Joseph W. Zinke. It seems that she also appeals from the order (of June 9) sustaining the demurrer of Joseph W. Zinke to the fourth cause of action, and from the order (of August 1) dismissing, upon stipulation, the fourth cause of action.

Appellant does not contend that any of the first three causes of action states a cause of action against the defendants other than Joseph W. Zinke. Their demurrer to those causes of action was sustained without leave to amend.

The defendants other than Joseph W. Zinke made a motion to dismiss the complaint, and to strike portions of the complaint. Their motion to strike the fourth cause of action was granted. (It does not appear that a ruling was made on their motion to dismiss.) A judgment was entered (June 16) dismissing the complaint as to all defendants other than Joseph W. Zinke. The demurrer of Joseph W. Zinke to the fourth cause of action was sustained without leave to amend, except as to amending relative to alleged transfer by husband of community real property. Thereafter, on July 11, plaintiff's attorney and Joseph W. Zinke's attorney stipulated that, "the Court may make and enter its order dismissing the fourth cause of action." Pursuant to the stipulation, the court dismissed the fourth cause of action on August 1, 1961. As hereinabove shown, the stipulation included a statement that it was "without prejudice as to any further rights either of the parties may have with respect to said order sustaining demurrer and order dismissing fourth cause of action including, but not limited to such right of appeal as may exist." The reference therein to a right of appeal with respect to an order based upon a stipulation is not clear. It is clear that plaintiff consented to the dismissal of the fourth cause of action.

In *Brooms* v. *Brooms,* 151 Cal.App.2d 351, 352 [311 P.2d 567], it was said: " 'It is an elementary and fundamental rule of appellate procedure that a judgment or order

will not be disturbed on an appeal prosecuted by a party who consented to it.' . . . A stipulation is a consent within the meaning of this rule.'' In the present case, in view of such stipulation, the order of August 1, dismissing the fourth cause of action, will not be disturbed. Upon dismissal of the fourth cause of action, the question as to whether the court erred in sustaining the demurrer of Joseph W. Zinke to the fourth cause of action became moot. ■ Furthermore, the order sustaining the demurrer is not an appealable order. (*Lavine* v. *Jessup*, 48 Cal.2d 611, 614 [311 P.2d 8].)

■ As above indicated, the judgment of dismissal as to the defendants other than Joseph W. Zinke was entered prior to the stipulation (for dismissal of the fourth cause of action) between plaintiff's attorney and Joseph W. Zinke's attorney. The other defendants were not parties to the stipulation. The stipulation, however, was that the court might dismiss the fourth cause of action. The court, by the order of August 1, dismissed the cause of action. The order is not limited to a dismissal of the cause of action as to Joseph W. Zinke. Appellant states, ''This case arises in connection with the fourth count of the Third Amended Complaint.'' She contends that the fourth cause of action states a cause of action ''to vindicate'' her rights with respect to the community property. It seems that appellant seeks a reversal of the judgment dismissing the complaint as to the defendants other than Joseph W. Zinke for the purpose of proceeding, in the divorce case, on the fourth cause of action (wherein Joseph W. Zinke is not a party). That cause of action, pursuant to stipulation of plaintiff's attorney and Joseph W. Zinke's attorney, was dismissed by the order of August 1. The effect of that dismissal was to eliminate the fourth cause of action from the divorce case. Reversal of the judgment dismissing the complaint as to the defendants other than Joseph W. Zinke would not reinstate the fourth cause of action which had been dismissed upon stipulation subsequent to the judgment of dismissal. Furthermore, in the fourth cause of action plaintiff sought a divorce from Joseph W. Zinke and an award of community property. Of course, Joseph W. Zinke is an indispensable party to that cause of action. Reversal of the judgment of dismissal as to the other defendants would not reinstate the cause of action with respect to him. Under such circumstances, the judgment of dismissal will not be disturbed.

In view of the above conclusions, it is not necessary to determine other contentions.

The purported appeal from the order sustaining the demurrer of Joseph W. Zinke is dismissed. The judgment of dismissal as to the defendants other than Joseph W. Zinke, and the order of August 1 dismissing the fourth cause of action, are affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied November 14, 1962, and appellant's petition for a hearing by the Supreme Court was denied December 12, 1962. Schauer, J., did not participate therein.