[Civ. No. 19954.   First Dist., Div. One.   June 6, 1963.]

E. A. TALIAFERRO, Cross-complainant and Appellant, v. DOROTHY DAVIS, Cross-defendant and Respondent.

E. A. Taliaferro, in pro. per., for Cross-complainant and Appellant.

Frisbie & Hoogs and W. H. Hoogs for Cross-defendant and Respondent.

SULLIVAN, J.—The instant action of interpleader was originally filed in the municipal court and, upon the filing of two cross-complaints seeking relief beyond the jurisdiction of said court, was transferred to the court below. We are concerned here only with the "cross-complaint to determine adverse claims" filed against the cross-defendant Davis, respondent herein, and others,[1] which set forth two separately stated causes of action and sought a declaration of the rights of the parties in respect to certain real property and also a judgment quieting the cross-complainant's title thereto.

Following is a chronology of the procedural events pertinent here: On *June 27, 1960,* the cause was transferred to and filed in the court below; on *August 2, 1960,* respondent's default was entered; on *August 3, 1960,* after a hearing, the matter was submitted on the cross-complaint; and, on *October 27, 1960,* the court filed its memorandum decision, stating that appellant was entitled to certain relief and directing him to prepare a judgment in accordance with the views therein expressed. On *November 4, 1960,* respondent filed her "Notice of Motion for Order Setting Aside Default and Any Judgment Entered Thereon." Despite the filing of this motion, appellant caused to be presented to the court a "Judgment for Declaratory Relief and Decree Quieting Title" which was signed, filed and entered on *November 9, 1960.* This default judgment was *in favor of appellant* and against respondent. Nevertheless, on *November 10, 1960,* appellant filed a notice of appeal from it.

On *November 14, 1960,* the court made its order setting aside the defaults of respondent together with any judgment entered thereon. On *November 17, 1960,* appellant moved to vacate this last order[2] which motion was denied on *November 21, 1960,* On *January 13, 1961,* appellant filed his notice of appeal stating that he "appeals . . . from the denial of a motion to vacate order of November 15, 1960, setting aside a default judgment; . . ."

In the meantime, on *November 23, 1960,* respondent filed a cross-appeal apparently precautionary in nature from the default judgment. On *January 30, 1961,* appellant moved in the court below to dismiss the cross-appeal upon the ground that respondent failed and refused to "deposit her share of the

---

[1]The record does not reflect the disposition of the issues raised by other pleadings including a separate cross-complaint against the plaintiff for unlawful detainer and conspiracy.

[2]Erroneously referred to as dated November *15,* 1960.

costs of preparation of the transcript on appeal. . . ." On *February 15, 1961,* the motion was denied. On *March 13, 1961,* appellant filed a notice of appeal "from the denial of a motion to dismiss cross-appeal. . . ."

Appellant has caused to be transmitted here a clerk's transcript of 127 pages containing three notices of appeal: (1) that filed November 10, 1960, from the default judgment in his favor; (2) that filed January 13, 1961, from the denial of his motion to vacate an order setting aside the default judgment; and (3) that filed March 13, 1961, from the denial of his motion in the trial court to dismiss respondent's cross-appeal. Our attention is directed to the fact that in 1 Civil 19904 appellant caused to be transmitted to this court a clerk's transcript duplicative of the instant record in many respects and also containing the notice of appeal filed November 10, 1960. Thus in two records, filed within approximately a month of each other, appellant for a purpose not made entirely clear has included the same notice of appeal. Despite this circumstance, appellant takes the position that the only appeal involved here is the one taken by him on January 13, 1961.

Appellant directs our attention to the fact that the appeal in 1 Civil 19904 which was purportedly that taken by him on November 10, 1960, from the default judgment in his favor, was dismissed at his request on April 4, 1963. This was before the instant cause came before us for oral argument. Appellant concedes that he dismissed 1 Civil 19904 because he feared that the court would charge him with taking a frivolous appeal. Appellant betrays a sensitive clairvoyance.[3] However, since we granted appellant's request for dismissal in 1 Civil 19904, we do not choose to consider in connection with this record the question whether appellant misused the right of appeal.[4]

Therefore the first above mentioned appeal, filed November

---

[3]It is not indicated whether appellant's "fear" derives from the fact that his conduct of the appeal might be deemed susceptible of the conclusion that he took the appeal with the apparent purpose of divesting the court below of jurisdiction to hear and decide respondent's motion to vacate. As pointed out above, this motion was filed on November 4, 1960, and set for hearing on November 14, 1960; appellant procured the entry of judgment on November 9, 1960; and immediately appealed therefrom on November 10, 1960.

[4]Our disinclination to do so is not based on the fact that appellant appears in propria persona. Appellant is no neophyte in appellate proceedings. The records of this court disclose that from July 14, 1952, to the date of oral argument herein, appellant has appeared in propria persona 83 times as appellant or petitioner and 18 times as respondent.

10, 1960, has been disposed of and need not concern us further. The third appeal filed March 13, 1961, from the denial of appellant's motion to dismiss respondent's cross-appeal is now moot, since it appears that respondent's cross-appeal has already been dismissed by order of this court on October 13, 1961. Therefore the appeal taken by appellant on March 13, 1961, must be dismissed. (*Consolidated Vultee etc. Corp.* v. *United Auto etc. Workers* (1946) 27 Cal.2d 859, 862-863 [167 P.2d 725].)

We turn to appellant's appeal filed January 13, 1961, from the denial of his motion to vacate the previous order of court setting aside the default. ■■■ While the order setting aside the default and default judgment was appealable (*Yarbrough* v. *Yarbrough* (1956) 144 Cal.App.2d 610, 613 [301 P.2d 426] ; *Paul* v. *Walburn* (1933) 135 Cal.App. 364, 365 [26 P.2d 1002] ; 3 Witkin, Cal. Procedure, Appeal, § 25, p. 2170), appellant did not appeal therefrom. Appellant appealed from the denial of his motion to vacate such order. An appeal does not lie from an order refusing to vacate a judgment or order which is itself appealable. (*Nuckolls* v. *Bank of California* (1937) 10 Cal.2d 266, 270-271 [74 P.2d 264, 114 A.L.R. 708].) The order of November 14, 1960, was appealable. The order of November 21, 1960, refusing to vacate it was not appealable. The appeal therefrom must therefore be dismissed.

The appeal filed March 13, 1961, from the denial of appellant's motion to dismiss respondent's cross-appeal and the appeal filed January 13, 1961, from the denial of appellant's motion to vacate the order setting aside the default judgment, are, and each of them is, dismissed. The respondent is awarded costs on both appeals.

Bray, P. J., and Molinari, J., concurred.

A petition for a rehearing was denied June 20, 1963, and appellant's petition for a hearing by the Supreme Court was denied July 31, 1963.