[Civ. No. 53872. First Dist., Div. One. June 10, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
COTTON BELT INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Kennedy Smith and Trevor A. Roberts for Defendant and Appellant.

Selby Brown, Jr., County Counsel, and Ralph F. Long, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—Defendant Cotton Belt Insurance Company, in the business of acting as surety on bail bonds, appeals from an order of the superior court denying its motion to set aside a summary judgment for the amount of a bail bond written for a defaulted criminally accused person.

Penal Code section 1305 provides that when a bailed criminally charged defendant neglects to appear in court as ordered, "the court must direct the fact to be entered upon the minutes and the undertaking of bail . . . must thereupon be declared forfeited." Notice of such action shall be mailed to the surety of the bail bond and to the bail agent or solicitor who posted the bond. If at any time within 180 days of the forfeiture, the defendant shall appear or a satisfactory excuse for his nonappearance be given, "the court shall direct the forfeiture . . . to be discharged upon such terms as may be just."

However: "When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture . . . *shall enter a summary judgment* against each bondsman named in the bond in the amount for which the bondsman has bound himself. . . ." (Pen. Code, § 1306; italics added.)

Cotton Belt Insurance Company posted a bail bond in the amount of $9,000 to guarantee the appearance of one Susan Averiti in a criminal action. She failed to make a scheduled court appearance and the bail bond was ordered forfeited.

Thereafter, February 5, 1981, more than 180 days after such forfeiture and without the forfeiture having been set aside, the court entered summary judgment against Cotton Belt Insurance Company for the amount of the bail bond. On the same day, *February 5, 1981,* the clerk mailed to Cotton Belt Insurance Company notice of entry of the summary judgment. Time for filing an appeal from the summary judgment expired 60 days after the mailing of such notice, according to rule 2, California Rules of Court.

*No appeal was ever taken from the summary judgment.* On *April 30, 1981,* and after the time for such an appeal had expired, Cotton Belt Insurance Company moved the superior court to vacate the summary judgment, and to exonerate the bail bond. The motion was denied by an order of the court, from which order Cotton Belt Insurance Company has appealed.

We first consider the appealability of the summary judgment.

■ It was of the nature of a consent judgment which ordinarily is not appealable. (*Reed* v. *Murphy* (1925) 196 Cal. 395, 398-399 [238 P. 78]; *Delagrange* v. *Sacramento Sav. & Loan Assn.* (1976) 65 Cal.App.3d 828, 831 [135 Cal.Rptr. 614]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 122, p. 4119.) But there is an exception. An appeal will lie where it is claimed, as does Cotton Belt Insurance Company, that the consent judgment was not entered in accordance with the consent. (*Hawley* v. *Gray Bros. etc. Co.* (1900) 127 Cal. 560 [60 P. 437], *passim*; *Harris* v. *Spinali Auto Sales, Inc.* (1962) 202 Cal.App.2d 215, 218-220 [20 Cal.Rptr. 586]; 6 Witkin Cal. Procedure (2d ed. 1971) Appeal, § 122, p. 4120.) ■ And it has been expressly held that a summary judgment, following forfeiture of a bail bond, is appealable if not entered in accordance with the consent given in the undertaking. (*People* v. *Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219-220 [119 Cal.Rptr. 917].)

■ It is also settled law that where a judgment is appealable, no appeal lies from an order, as here, refusing to set it aside. (*Hall* v. *Imperial Water Co.* (1926) 200 Cal. 77, 80 [251 P. 912]; *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 388 [38 Cal.Rptr. 693]; *Taliaferro* v. *Davis* (1963) 216 Cal.App.2d 860, 863 [31 Cal.Rptr. 443].)

And of course, where a judgment or order is *not* appealable, so also an order refusing to set it aside is *not* appealable. (*Litvinuk* v. *Litvinuk* (1945) 27 Cal.2d 38, 43-44 [162 P.2d 8]; *Title Ins. & Trust Co.* v. *Calif. etc. Co.* (1911) 159 Cal. 484, 487 [114 P. 838]; *Efron* v. *Kalmanovitz* (1960) 185 Cal.App.2d 149, 152 [8 Cal.Rptr. 107].)

■ We observe further, that the superior court had "fundamental jurisdiction" over the subject matter of the bail bond forfeiture and the ensuing summary judgment, which accordingly was not "void." Errors, if any, (we observe none) were *errors within jurisdiction* which may *not* be raised by collateral attack, after the judgment becomes final for lack of an appeal therefrom. (See: *Armstrong* v. *Armstrong* (1976) 15 Cal.3d 942, 950-951 [126 Cal.Rptr. 805, 544 P.2d 941]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 180, 184, pp. 4172, 4174.)

■ Few principles of our law are better settled than that a *final* judgment, entered within a court's fundamental or subject matter jurisdiction, is conclusive, *whether or not it be erroneous* as here contended. "An erroneous judgment [once final] is as conclusive as a correct one." (*Panos* v. *Great Western Packing Co.* (1943) 21 Cal.2d 636, 640 [134 P.2d 242].)

For these several reasons we find no merit in the appeal.

The order is affirmed.

Racanelli, P. J., and Newsom, J., concurred.