Filed 7/18/23  In re R.L. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| In re R.L. et al., Persons Coming Under the Juvenile Court Law. | C096835 |
| SHASTA COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>S.L.,<br><br>        Defendant and Appellant. | (Super. Ct. Nos. JVSQ112884201, JVSQ112884301) |

Appellant S.L., mother of minors R.L. and A.L., appeals from the juvenile court's orders on her petition for modification, permitting visitation with R.L. but not with A.L. (Welf. & Inst. Code, §§ 388, 395.)[1]  As highlighted by respondent, the parties, including

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

mother, stipulated to the orders from which mother now appeals. Accordingly, we shall dismiss the appeal.

BACKGROUND

Shasta County Health and Human Services Agency (Agency) instituted these dependency proceedings in March 2011 with the filing of a section 300, subdivision (b) petition on behalf of minors R.L. (then age five years) and A.L. (then age one month) as a result of parents' substance abuse, anger control, and domestic violence issues. The minors were placed with the maternal grandparents. Parents were provided reunification services, but they failed to reunify and reunification services were terminated in May 2012. In September 2012, the juvenile court ordered a permanent plan of legal guardianship with the maternal grandparents for the minors.

In July 2016, mother filed a JV-180 petition to modify pursuant to Welfare and Institutions Code section 388 (hereafter JV-180) requesting the guardianship be dissolved. In January 2017, after a hearing, the juvenile court dissolved the guardianship, reinstated the dependency, and placed the minors with mother with family maintenance services.

Mother relapsed and began testing positive for methamphetamine on April 7, 2017. Mother did not comply with substance abuse treatment, and in November 2017, law enforcement began getting repeated reports of domestic violence between mother and her live-in partner (who is not the minors' father).[2]

In January 2018, the Agency filed a section 387 supplemental petition, and the juvenile court ordered the minors detained. In May 2018, the juvenile court terminated family maintenance services for mother and, in October 2018, ordered a permanent plan of legal guardianship for the minors. In April 2019, the dependency as to minor R.L. was

---

[2] The minors' father did not maintain contact with the Agency after the minors' initial guardianship orders and is not a party to this appeal.

2

again terminated and he was placed with his legal guardians. A.L. remained placed with her legal guardians but dependency was not terminated at that time. A.L.'s dependency was terminated in November 2019. In December 2020, the maternal grandparents resumed legal guardianship of A.L.

On February 8, 2022, mother filed a JV-180 petition requesting visitation as to both minors. The juvenile court reinstated the dependency, appointed counsel for mother and the minors, and set a hearing on the petition for March 22, 2022. Minors' counsel opposed mother's request. The Agency noted concerns about mother's mental health and delusions. Minor A.L. (then age 13 years) did not wish to visit with mother. Minor R.L. (then age 16 years) said he did not mind seeing mother but noted that he lived four hours away and did not want to make a special trip to visit. Mother told the social worker that the minors were old enough to make their own decision about visiting. The Agency recommended mother's petition be denied as to A.L. and granted supervised visits as to R.L., but that R.L.'s dependency remain open to allow for monitoring of the visits and to assess safety.

On March 22, 2022, the court appointed a guardian ad litem (GAL) for mother and the matter was continued. Thereafter, the Agency clarified that it was concerned that mother's mental illness would result in emotional or physical injury to R.L. but it understood R.L. may want to see mother, even though the Agency did not think visits were in his best interests. The court set the matter for a contested hearing on June 17, 2022.

On June 15, 2022, the Agency filed an addendum recommending visits between mother and A.L. be found detrimental due to mother's mental health and A.L.'s unwillingness to participate in visits. It recommended R.L. be offered visits with mother, with the proviso that the visits occur at an agreed upon public place and mother be responsible for travel to the visit.

3

On June 17, 2022, the parties entered into a stipulation on the disposition of mother's JV-180 petition. The parties agreed to the court's denial of the petition as to minor A.L. as not in the minor's best interest; grant of the petition as to minor R.L., with orders that R.L. may visit mother at his discretion; and termination of the minors' dependency cases with the continued plans of guardianship. The stipulation was signed by mother, mother's counsel, mother's GAL, father, father's counsel, minors' counsel, and counsel for the Agency. The court entered the orders as stipulated to by the parties.

On August 15, 2022, mother filed a notice of appeal, identifying the June 17, 2022 "[section] 362.1 visitation under JV 180 order" as well as section "16507 all orders under reunification, visitation" and "all previous to visitation, communication." She did not request appointed appellate counsel and appears in propria persona in this appeal.

DISCUSSION

Mother raises no coherent arguments in her opening brief. A civil litigant must abide by the same procedures—including appellate procedures—regardless of whether she chooses to employ an attorney. (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.) Mother, as the party who brought this appeal, bears the burden to show reversible error. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116.) Yet, her opening brief is incomprehensible, fails to provide a coherent factual and procedural background, and fails to provide coherent legal arguments. (See Cal. Rules of Court, rules 8.204 and 8.412(a)(2).) An appellate court is not required, on its own motion, to develop arguments for an appellant. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.) An appellant must prove that a trial court's rulings are incorrect "by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) Mother has failed to do so and, as such, has forfeited any arguments she may have. Moreover, "failure of an appellant in a civil action to articulate any pertinent or

4

intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

Notwithstanding the defects in mother's briefing, dismissal of the appeal is nonetheless compelled in this case for additional reasons. As a general rule, a stipulated judgment or order is not appealable. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 400.) This rule is based upon " 'the theory that by consenting to the judgment or order the party expressly waives all objection to it, and cannot be allowed afterwards, on appeal, to question its propriety, because by consenting to it [she] has abandoned all opposition or exception to it.' " (*Ibid.*) Indeed, " ' "[i]t is an elementary and fundamental rule of appellate procedure that a judgment or *order* will not be disturbed on an appeal prosecuted by a party who consented to it." . . . *A stipulation is a consent within the meaning of this rule.*' " (*Zinke v. Zinke Rebottoming Shoe Co.* (1962) 208 Cal.App.2d 690, 694-695, italics added, quoting *Brooms v. Brooms* (1957) 151 Cal.App.2d 351, 352.)

There are several exceptions to the rule that no appeal may be taken from a stipulated judgment or order. First, where a judgment or order is void on its face due to a lack of fundamental jurisdictional power to hear or determine the case, an appeal may be heard. (*Reed v. Murphy* (1925) 196 Cal. 395, 399-400 ["a decree or judgment which is void upon its face is open to attack by anyone, including the parties thereto, even though they consented to its rendition"].) Second, an appeal may be taken from a stipulated judgment or order where the party agreed to the judgment or order for the express purpose of facilitating an appeal. (*Norgart v. Upjohn Co., supra*, 21 Cal.4th at pp. 400-401.)

Here, mother stipulated to the JV-180 orders, with the consent of counsel and her GAL. There is no suggestion that the juvenile court lacked fundamental jurisdiction to enter the stipulated JV-180 orders. Nor does the record show that mother agreed to the

5

stipulated orders merely to facilitate an appeal.  Accordingly, mother has failed to demonstrate that she can appeal from the stipulated orders on these or any other grounds.

Finally, mother asserts that she is "[a]ppealing not just the last filing of the JV180 but the case entirely," and she requests that we review previous reunification and visitation orders, entered earlier in the case, and "consider all actions and orders," and "the case entirely."  Yet mother's notice of appeal is not effective as to the juvenile court's earlier orders and this court does not have jurisdiction to review them in this appeal.

Dependency proceedings are proceedings of an ongoing nature and appellate jurisdiction to review an appealable order is dependent upon a timely notice of appeal. (*In re Elizabeth G.* (1988) 205 Cal.App.3d 1327, 1329, rehg. den. & opn. mod. (Dec. 13, 1988).)  The time for appeal of an order made in a dependency case is 60 days from the date of the order's pronouncement in open court.  (*In re Alyssa H.* (1994) 22 Cal.App.4th 1249, 1253-1254.)  An appeal from the most recent order entered in a dependency matter may not challenge prior orders for which the statutory time for filing an appeal has passed.  (*In re Elizabeth G.*, at p. 1331; *In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563.)  If no timely appeal is taken from a dependency order, the order is final and binding; the issues determined by the order are res judicata and not subject to attack on appeal from a later appealable order.  (*In re S.B.* (2009) 46 Cal.4th 529, 532; *In re Matthew C.* (1993) 6 Cal.4th 386, 393.)

This appeal is simply not timely as to any earlier orders.

6

DISPOSITION

The appeal is dismissed.[3]

/s/
HORST, J.*

We concur:

/s/
RENNER, Acting P. J.

/s/
BOULWARE EURIE, J.

---

[3] In light of our disposition, appellant's request to abandon the appeal, filed May 30, 2023, is denied as moot.

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution