[Civ. No. 1764.   Second Appellate District.—January 26, 1916.]

## W. T. S. HAMMOND, as Administrator, etc., Respondent, v. THE UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation), Appellant.

UNDERTAKING ON APPEAL—STAY OF EXECUTION—LIABILITY OF SURETY. The liability of a surety on an undertaking on appeal given to stay the execution of a judgment for the return of specific personal property, or its value, and for a certain sum of money, is not extinguished, in so far as the money judgment is concerned, by the turning over to the appellant upon affirmance of the judgment of all property belonging to appellant in respondent's hands, including an amount in cash in excess of the amount of such money judgment, where it is shown that some of the property was disposed of by respondent pending the proceedings, and that upon applying the money upon the demands held by the appellant there still remained a balance due upon the judgment.

ID.—AMOUNT OF UNDERTAKING—AGREEMENT OF PARTIES.—An undertaking on appeal from a judgment for the delivery of personal property, or its value, and for a fixed amount of money is not void, because of the fact that the amount of such undertaking was fixed by the parties, instead of by the court, as the surety is bound by the statement in its contract, and cannot question the truth of such recitals.

ID.—ESTOPPEL OF SURETIES.—When the party in whose favor the undertaking was executed has had the benefit of a stay of execution, the surety cannot be heard to say that the undertaking was void because all the forms of the statute, through its omission, were not complied with.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, Flint, Gray & Barker, and William A. Bowen, for Appellant.

Hunsaker & Britt, and W. N. Goodwin, for Respondent.

JAMES, J.—An appeal has been taken from the judgment entered in this action in favor of the plaintiff and against the defendant, and from an order denying a motion made by the defendant for a new trial.   The suit is upon an undertaking given on appeal to stay execution.

At a time prior to the institution of this action, Merrill A. Weir died, and prior to the conclusion of probate proceedings in his estate his wife, Nancy A. Weir, died.   Administrators were appointed in both estates, and the administrator of the estate of Nancy A. Weir took into his possession property of considerable value which he claimed belonged to that estate and which, on the other hand, the administrator of the estate of Merrill A. Weir claimed was property upon which he was entitled to administer as belonging to the estate of Merrill A. Weir.   Upon the refusal of the administrator in the wife's estate to deliver the property to the administrator of the estate of Merrill A. Weir, the latter brought an action to recover a money judgment and certain securities and corporate stocks.   In that action he obtained judgment for the return of the personal property or its value, and also judgment for the sum of $4,687.63, with costs.   An appeal was taken from that judgment to the supreme court and thereafter the judgment was affirmed.   In order to stay execution pending appeal an undertaking was given, with the appellant here as sole surety.   That undertaking recited in part that the surety bound itself in the sum of twenty thousand dollars (we here quote from the language of the bond) "(that being the amount agreed upon by the parties for the staying of the execution of said judgment), that if the said judgment or any part thereof be affirmed, or the appeal be dismissed, the appellant will deliver to the plaintiff the personal property described in the judgment or its value as therein fixed, and will pay the amount directed to be paid thereby, or the part of such amount as to which the same shall be affirmed, if affirmed only in part, and all damages and costs which shall be awarded against the appellant upon the appeal."   The undertaking further provided that upon the going down of the *remittitur,*

the court from which the appeal was taken might enter judgment against the surety.  It appeared in evidence that pending the proceedings in the action referred to, the administrator of the estate of Nancy A. Weir disposed of some of the personal property described in the judgment, and also made use of other property which came into his hands as a part of the alleged estate of Nancy A. Weir.  After the affirmance of the judgment was made, the administrator of the estate of Nancy A. Weir turned over to the administrator of the estate of Merrill A. Weir all of the property in his hands.  This included property other than that mentioned in the judgment; it being conceded as between the administrators that this additional property was a part of the community estate of the two decedents.  In other words, we find no question made but that, in so far as property additional to that described in the first judgment was delivered to the administrator of the estate of Merrill A. Weir, that was property to which the administrator of the latter estate was legally entitled.  The attorney for the administrator in the Nancy A. Weir estate, referring to this additional property, testified as follows: "I had long ago had a talk with Judge Britt substantially to the effect that we might as well consider all those things as being a part of the entire community property, and let it be determined by the judgment in the cases that were then pending, without the necessity of Judge Britt bringing new suit to recover those other amounts."  According to the computation made by the respective administrators at the time this property was turned over, while a total amount in cash of $12,383.21 was paid, applying this money upon the several demands held by the administrator of the estate of Merrill A. Weir, left a balance due on the judgment entered in the action in which this surety gave the stay bond, of the sum of $3,274.34.  It is the contention of the appellant that, inasmuch as an amount in cash in excess of the total amount of the money judgment was paid over, the money judgment, which was a part of that for the payment of which it became surety, should be treated as extinguished.  We have already noted that it appears that all of the money and property turned over was money and property to which the administrator of the estate of Merrill A. Weir was entitled.  The estate of Merrill A. Weir certainly had the right to apply the property and money received in such a way as would

extinguish such indebtedness due it and leave whatever deficiency there was owing secured by the undertaking which this appellant gave. We mean by this that the administrator of the estate of Nancy A. Weir, having paid only a part of his obligations and those obligations not being the total of the obligation guaranteed by the appeal bond given by appellant, it must result that there was a liability for the deficiency which might be enforced against the surety. As to some of the personal property of which the judgment appealed from in the action of the one administrator against the other required a delivery, either of the property itself or its value, which latter was fixed, a sale had been made in the Nancy A. Weir estate. Some of this property, it is said, was sold for a price in excess of that fixed as representing its value in the judgment. The accounting made by the administrator of the Nancy A. Weir estate to the other administrator included amounts representing the proceeds of such sales. It cannot be told from the examination which we have made of the testimony whether the overplus represented by such sales was credited on the amount of the money judgment secured by appellant's bond. However, it seems immaterial, for had the administrator of the estate of Nancy A. Weir disposed of such property and satisfied the money judgment entered against him, retaining in his hands the excess of money derived from the sale of such property, there seems to be no reason why this excess might not have been recovered from him in a separate action. A great deal of the argument on the part of appellant refers to a certain memorandum of agreement which it is claimed was made between the administrators at the time of the alleged accounting, in which it was agreed that the administrator of the estate of Nancy A. Weir might offset the deficiency against the share in the property of the estate of Merrill A. Weir to which the former estate might be entitled. There is some conflict in the testimony as to whether this agreement was executed, and as to the fact, the determination of the trial court adverse to appellant's contention in that regard should be sustained. But even though it might be said that this conclusion was contrary to the evidence, and that the agreement was made as asserted by appellant, in our view it would be of no avail as pointing an argument in favor of appellant. Conceding, as we must, that the administrator of the estate of Merrill A. Weir was

entitled as a matter of law to all of the property, then he would be powerless to make any agreement which would postpone the time for the payment of that debt, or to provide by any agreement for a reimbursement to the estate of Nancy A. Weir. The law would either effectuate such a reimbursement or not, regardless of the agreement of the administrator.

We have to consider further certain questions relating to the validity of the undertaking given by the appellant, as the contention is advanced that no obligation was created thereby because the contract of suretyship was void. The main contentions in that regard may be discussed briefly. It is said, first, that as the judgment appealed from was in part for the recovery of personal property, the court should have fixed the amount of the undertaking, which is shown not to have been done. Second, that the undertaking is in a "lump" amount of twenty thousand dollars, and that, assuming it insufficient as a security for the delivery of the property required to be returned by the judgment, there is no legal way by which the amount may be divided so as to furnish a certain definite security for the money judgment. And generally, that in other matters of form the undertaking is not sufficient. In the first place, it is true that the statute does require a bond to be given, where a delivery of property is called for by the judgment, in such an amount as may be directed by the court; whereas in the case of a money judgment the amount for which the sureties are bound shall be double the amount named in the judgment. However, as to the first contention, that the court should have fixed the amount of the undertaking, it will be noted that the undertaking in its phraseology recites that the amount was agreed upon by the parties. It would seem hardly open to question that in lieu of having the amount of the undertaking fixed by the court, the parties may be permitted to stipulate as to what that amount shall be. The sureties are bound by the statements in their contract, and cannot question the truth of such recitals. (*Ogden* v. *Davis,* 116 Cal. 32, [47 Pac. 772] ; *Smith* v. *Fargo,* 57 Cal. 157.) It has been further held that undertakings such as that considered here need not be in precise conformity with the statutory rules, which requirements may be waived. (*Murdock* v. *Brooks,* 38 Cal. 596; *Moffat* v. *Greenwalt,* 90 Cal. 368, [27 Pac. 296].) In the latter case, citing *Murdock* v. *Brooks, supra,* it is said: "When

the party in whose favor the undertaking was executed had had the benefit of a stay of execution, the sureties could not be heard to say that the undertaking was void because all the forms of the statute, through their omission, were not complied with.'' The supreme court has further held that, even though the conditions mentioned in an undertaking are more onerous than those required by the statute, the bond may be valid as creating a common-law obligation. (*Gardner* v. *Donnelly*, 86 Cal. 367, [24 Pac. 1072].) We should remember that the judgment for the return of the specific personal property was completely satisfied; hence there is no occasion to apportion any part of the amount named in the obligation of the surety to that account. Had the undertaking been given to secure the money judgment only and the requirement of the statute been observed, the amount for which the surety would have become bound would have been twice that of the money judgment. The deficiency for which this action required the surety to account was less than the full amount of the money judgment. We may assume, we think properly, that the parties, in so far as the money judgment was concerned, agreed upon an amount sufficient to cover that sum. If the terms of the statute were considered affecting the amount of undertakings to stay execution from money judgments, then the sureties were bound in that behalf in a sum double the amount of the judgment. In any event, no reason appears to us why it should not be said that the undertaking was in the sum of the obligation made of ample amount to cover the judgment for $4,687.63.

A careful examination has been made of other contentions advanced on behalf of appellant, but we find no sufficient ground upon which to enter an order of reversal.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.