[Civ. No. 35094. Second Dist., Div. Four. July 22, 1970.]

DEWEY MERRITT, Plaintiff and Appellant, v.
J. A. STAFFORD COMPANY et al., Defendants and Respondents;
STUYVESANT INSURANCE COMPANY, Surety and Respondent.

## COUNSEL

Magana, Olney, Levy & Cathcart and Ellis J. Horvitz for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Anderson, McPharlin & Conners and Peter R. Regal for Surety and Respondent.

## OPINION

**FILES, P. J.**—This appeal raises the question of the amount which can be recovered under an appeal bond.

In the underlying damage action, on March 11, 1964, Merritt recovered

a judgment against J. A. Stafford Company for $434,441.68 for personal injuries suffered in a truck accident; and Merritt's employer, Sterling Transit Co., Inc., recovered $21,255.93 against Stafford for property damage. Stafford was partially protected by liability insurance written by Reserve Insurance Company, with limits of $100,000 for personal injury and $25,000 for property damage.

Stuyvesant Insurance Company was the reinsurer of Reserve.

Stafford appealed from the judgment, and on May 22, 1964, Stuyvesant Insurance Company filed an "Undertaking Under Section 942 C.C.P." which recites that Stuyvesant obligates itself "under said statutory obligations" in the sum of $181,883.90.[1]

Section 942 of the Code of Civil Procedure (now § 917.1) provided for the stay of a money judgment, pending appeal, upon the giving of an undertaking by a corporate surety for one and one-half times the amount of the judgment or order. In this case $181,883.90 is exactly one and one-half times the portion of the judgment for which the insurance companies were liable.

In September 1964 Merritt and Stafford entered into an agreement whereby, for a separate consideration, Merritt agreed not to levy execution against Stafford pending the appeal.

The judgment in the damage action was affirmed in an unpublished opinion, and the remittitur was filed October 13, 1965. In January 1966 Merritt made a motion for judgment on the appeal undertaking, alleging that no part of the judgment had been paid. The motion was denied by the superior court, and Merritt appealed.

The Supreme Court reversed. (*Merritt* v. *J. A. Stafford Co.* (1968) 68 Cal.2d 619 [68 Cal.Rptr. 447, 440 P.2d 927].) In explaining the reasons for enforcing an undertaking furnished by an insurance company to cover only a portion of the judgment, the Supreme Court said at pages 625, 626: "We have concluded that a bond furnished by a liability insurer to stay the

---

[1]The text of the undertaking is as follows: "WHEREAS, the above named Plaintiffs and Cross Defendants [*sic*] desires to give an undertaking for Appeal Bond as provided by Section 942 C.C.P.

"Now, THEREFORE, the undersigned Surety, does hereby obligate itself, jointly and severally, to Defendants and Cross Complaintents [*sic*] under said statutory obligations in the sum of One Hundred Eighty One Thousand Eight Hundred Eighty Three Dollars and 90/100-Dollars ($181, 883.90)."

Through an apparent clerical error in the undertaking the identifications of the parties to the action were reversed. The undertaking was given on behalf of defendants to plaintiffs. No one was misled, and no one makes any point of that mistake.

part of a judgment within the policy limits is effective to stay enforcement of that part of the judgment.

"  .      .      .      .      .      .      .      .      .      .

"In other words, where there is a judgment in excess of the policy limits, the insurer and the insured have separate and differing interests; the insurer may furnish a bond for the portion of the judgment within the policy limits, and the bond will be given effect pending appeal to stay execution on that portion of the judgment."

After remand, there was a further hearing in the superior court on Merritt's motion for judgment against the surety on the undertaking. The superior court then made the following order: "In accordance with the Remittitur issued from the California Supreme Court on June 27, 1968, it is ordered that the plaintiff, Sterling Transit Co., Inc., a California Corporation, have and recover [from Stuyvesant] the sum of $21,255.93, together with interest from March 11, 1964, and costs; that plaintiff, Dewey Merritt, have and recover [from Stuyvesant] the sum of $100,000, together with interest from March 11, 1964, and costs."

Merritt is appealing from this order. It is his contention here that the entire $181,883.90 should be applied against the judgment.

Many of the facts pertinent to this appeal are not established in the record which has been brought before us. Some of the facts are in the opinion of the Supreme Court, and others are stated in the contentions of the parties in the superior court and in their briefs on appeal. Since there appears to be no dispute as to what happened, we proceed directly to the merits.

The undertaking of Stuyvesant was intended to and did stay the execution of the judgment only as to the portion for which Reserve Insurance Company was responsible under the liability policy. It is true, as Merritt points out, that the liability now being enforced against Stuyvesant is its contractual obligation upon the undertaking (see *Charles F. Harper Co.* v. *DeWitt etc. Co.* (1938) 10 Cal.2d 467, 470 [75 P.2d 65]). But it does not follow that the amount of $181,883.90 mentioned in the instrument is the amount which it must pay. The purpose and effect of the undertaking, as it was construed by the Supreme Court, were to stay only that portion of the judgment which was covered by liability insurance, namely $100,000 for bodily injury and $21,255.93 for property damage, plus interest and costs. These were the "statutory obligations" which, by the language of the undertaking, Stuyvesant agreed to pay. Those amounts would be increased by such amounts of interest and costs as would be chargeable against the insurer. The $181,883.90 was the outer limit fixed by section 942, upon

the dollar amount for which the surety could become liable by reason of the stay of the insurers' portion of the judgment.

Merritt calls attention to the following language in the Supreme Court's opinion at page 628: "In the instant case, it is clear that the leading purpose of Stuyvesant in filing its bond was to protect Reserve as insurer and to perform its own obligation as reinsurer, and Stuyvesant, *although agreeing to pay part of the obligation of Stafford,* should not be viewed as thereby becoming a surety for Stafford." (Italics added by Merritt's attorney.)

Merritt would construe the emphasized language as indicating that Stuyvesant undertook to pay a part of the judgment which was the obligation of Stafford not covered by insurance. We do not so read it. Stuyvesant agreed to pay that part of Stafford's obligation which was covered by the insurance policy, no more.

The order is affirmed.

Jefferson, J., and Dunn, J., concurred.