HANEY ELECTRIC COMPANY and
Marion Willard Stewart, Appellants,

v.

Thomas M. HURST and Cheryl Hurst
and Howard Lane, Appellees.

No. 24421.

Court of Civil Appeals of Texas,
Dallas.

Nov. 25, 1980.

James S. Maxwell, Richard G. Thomas,
Maxwell, Bennett, Thomas, Carlton & Maxwell, Dallas, for appellants.

Morton A. Rudberg, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas,
Charles H. Clark, Tyler, for appellees.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is a motion to require appellants, Haney Electric Company and Marion Willard Stewart, to file additional supersedeas bonds. Appellees obtained a money judgment for $189,000 against appellants who have perfected their appeal and filed a supersedeas bond for $100,000. Appellees assert that this bond is insufficient. We agree.

Rule 364(a) of the Texas Rules of Civil Procedure provides that an appellant has the right to suspend the execution of a judgment by giving a good and sufficient bond to be approved by the clerk of the district court in a sum "at least the amount of the judgment, interest and costs." Appellants assert that rule 368 authorizes a partial supersedeas bond, and they argue that an order requiring additional supersedeas bonds will confront their insurance carrier, St. Paul Mercury Insurance Company, with an unnecessary "Hobson's Choice."[1] Because the judgment is in excess of $100,000, St. Paul cannot furnish the entire supersedeas bond without becoming obligated for the entire judgment, thereby exceeding its policy limits. *See Mea v. Mea,* 464 S.W.2d 201 (Tex.Civ.App.–Tyler 1971, no writ). If St. Paul provides no supersedeas bond, appellees can proceed di-

---

1. "Hobson's Choice" has been defined as a choice without an alternative. *New v. Smith,* 94 Kan. 6, 145 P. 880 (1915).

**356**

rectly against St. Paul and force it to pay out the $100,000 even though the appeal is pending.

Appellants assert that there are no Texas cases construing rules 364 and 368 in this context. In support of their position, appellants rely on *Merritt v. J. A. Stafford Company*, 68 Cal.2d 619, 440 P.2d 927, 68 Cal. Rptr. 447 (1968) holding that where there is a judgment in excess of the policy limits, the insurer and the insured have separate and independent interests; the insurer may furnish a bond for the portion of the judgment within the policy limits, and the bond will be given effect pending appeal to stay execution on that portion of the judgment. In *Merritt* the insurer, having sought declaratory relief, was a party to the proceeding. If St. Paul were a party to this suit and sought to make a bond only for the amount for which it could be held liable under the terms of its policy, there might be good ground for permitting it to do so, but St. Paul is not a party in the proceeding before us, and we do not pass on that question. *See Rudolph v. Cassidy*, 225 Ark. 951, 286 S.W.2d 489 (1956).

 The provisions of rule 364(a) require that a money judgment be superseded in a sum "at least the amount of the judgment, interest and costs." Rule 364(c), however, provides for partial supersedeas in cases involving foreclosure of real estate and rule 364(d) provides for a partial supersedeas against foreclosure of liens on personal property. Rule 368 of the Texas Rules of Civil Procedure provides:

> Upon the filing of the proper supersedeas bond, execution of the judgment, *or so much thereof as has been superseded*, shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a supersedeas. [Emphasis added.]

A money judgment may not be partially superseded. *Schrader v. Garcia*, 512 S.W.2d 830 (Tex.Civ.App.–Corpus Christi 1974, no writ). Therefore, the emphasized language in rule 368, above, applies to those sections of rule 364 that allow partial supersedeas and does not of itself purport to specify the conditions under which a partial supersedeas bond may be allowed.

 Since no rule of law expressly authorizes partial supersedeas in a case such as the one before us, appellants Haney Electric Company and Marion Willard Stewart must comply with the provisions of rule 364(a). Accordingly, pursuant to rule 365, appellants, if they desire to suspend the execution of this judgment, are hereby ordered to execute an additional good and sufficient supersedeas bond within twenty days in a sum of at least $89,000, together with interest thereon at the rate of 9% per annum from July 3, 1980, until paid, plus all court costs. Such bond shall be filed in this court and is to be approved by our clerk.

Motion granted.