# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #049

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **25th day of October, 2024** are as follows:

**BY Crichton, J.:**

2023-CC-01716

*HUBERTO MARTINEZ VS. AMERICAN TRANSPORT GROUP RISK RETENTION GROUP, INC., SALAH DAHIR AND STARR CARRIERS, LLC C/W ADA LICONA, ROSA RIVERA AND SALBADOR FLORES VS. AMERICAN TRANSPORTATION GROUP RISK RETENTION GROUP, INC., SALAH DAHIR, STARR CARRIERS, LLC, ALLSTATE COUNTY MUTUAL INSURANCE COMPANY (Parish of Caddo)*

RENDERED AS AMENDED AND REMANDED. SEE OPINION.

Weimer, C.J., concurs in the result and assigns reasons.

**HUBERTO MARTINEZ**

**VS.**

**AMERICAN TRANSPORT GROUP RISK RETENTION GROUP, INC., SALAH DAHIR AND STARR CARRIERS, LLC**

**C/W**

**ADA LICONA, ROSA RIVERA AND SALBADOR FLORES**

**VS.**

**AMERICAN TRANSPORTATION GROUP RISK RETENTION GROUP, INC., SALAH DAHIR, STARR CARRIERS, LLC, ALLSTATE COUNTY MUTUAL INSURANCE COMPANY**

**On Supervisory Writ to the 1st Judicial District Court, Parish of Caddo**

**CRICHTON, J.**[*]

The question presented in this case is whether an insurer is permitted to suspensively appeal the amount of the judgment representing its policy limit on behalf of itself and its insureds without posting the amount of the entire judgment when the judgment exceeds the policy limit. For the reasons set forth below, we answer this common-sense question in the affirmative and remand for further proceedings.

**BACKGROUND**

This case arises from a 2019 motor vehicle accident, in which a vehicle driven by Huberto Martinez slid off I-49 in Shreveport due to ice on the road. Shortly thereafter, a tractor trailer driven by Salah Dahir and owned by his employer, Starr Carriers, LLC ("Starr Carriers"), slid off the highway due to the same icy condition

---

[*] Justice Jeannette Theriot Knoll, retired, appointed Justice *Pro Tempore*, sitting for the vacancy in Louisiana Supreme Court District 3.

1

and struck Martinez's vehicle. American Transportation Group Risk Retention Group, Inc. ("ATG") was the insurer of Starr Carriers, with a policy limit of $1,000,000. Martinez filed a Petition for Damages against ATG, Mr. Dahir, and Starr Carriers. Thereafter, his passengers, Ada Licona, Rosa Rivera, and Salvador Flores ("Plaintiffs"), filed a separate suit, and the two suits were consolidated for trial. Martinez settled his claims before trial.[1]

The jury returned a verdict awarding $996,832.00 in damages to Ms. Licona, $1,001,074.00 to Ms. Rivera, and $350,908.00 to Mr. Flores—an amount obviously exceeding ATG's $1,000,000 policy limit. The jury verdict form did not contain any delineation of the comparative fault of the parties. Defendants filed a Motion for New Trial, Judgment Notwithstanding the Verdict, and/or Remittitur, which the trial court denied. The trial court thereafter rendered a final judgment in favor of Plaintiffs and against Defendants in the sum of $2,802,054.66, plus legal interest from the date of filing suit. The Plaintiffs were also awarded $55,207.88 in costs. The judgment likewise did not delineate fault or set forth ATG's policy limits.

Defendants moved for a suspensive appeal and requested the trial court set a total suspensive appeal bond less than the entire judgment. In addition to asserting that Starr Carriers is no longer in existence and is incapable of posting a suspensive appeal bond on behalf of itself or its former employee, Defendants asserted that under La. Code Civ. P. art. 2124(C), they would be "aggrieved if required to post a bond sufficient to the entire money judgment plus interest from the date of judicial demand, as they lack the assets necessary to secure such a bond or satisfy a judgment

---

[1] The record on appeal does not contain the insurance policy, but no party disputes that the policy was accepted as an exhibit at trial and the policy limit is $1,000,000. ATG asserts it settled with Martinez for $79,367.44, leaving $920,632.56 remaining of its policy limit. However, Plaintiffs contend (and Defendants do not dispute) that there is nothing in the record to support the amount of the settlement. As a result, this Court can only rely upon the policy limit itself in rendering this opinion. La. C.C.P. art. 2164 ("The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."); *Medical Review Panel for Bush*, 21-0954, p.7 (La. 5/31/22), 339 So. 3d 1118, 1124 ("Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.").

in that amount." On August 31, 2023, the trial court granted Defendants' motion for suspensive appeal but, pursuant to La. Code Civ. P. art. 2124(B), set the bond at $2,802,054.66 plus additional interest, which represents "the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs." As with the judgment, the trial court's suspensive appeal order did not reflect ATG's policy limits. Thereafter, ATG furnished an appeal bond in the amount of $1,429,081, representing ATG's remaining policy limits, plus interest on the entire judgment, and taxable costs.

ATG applied for supervisory review from the trial court's ruling fixing the suspensive appeal bond, which Plaintiffs opposed. The Second Circuit denied the writ.[2] This Court thereafter granted the Defendants' writ application. 2023-0176 (La. 3/12/24), 380 So. 3d 567.

## ANALYSIS

An insurance policy is a contract that constitutes the law between the parties and must be enforced as written. *Marcus v. Hanover Ins. Co.*, 98-2040 (La. 6/4/99), 740 So. 2d 603, 606. *See* William Shelby McKenzie & H. Alston Johnson, III, 15 La. Civ. Law Treatise, Ins. Law & Prac. § 1:4 (4th ed., Oct. 2023). Insurers have the same rights as individuals to limit their liability and place reasonable conditions they impose upon their contractual obligations, including establishing limits of liability. *Marcus*, *id*. Pursuant to these principles, it is axiomatic that, in the absence of bad faith, an insurer cannot be liable for more than its policy limits. *Smith v. Audubon Ins. Co.*, 95-2057, p.7 (La. 9/5/96), 679 So. 2d 372, 376. *See also* McKenzie & Johnson, *id.* at § 7:9.

---

[2] In the court of appeal, the parties disputed whether ATG approved the judgment in the trial court. ATG moved to strike plaintiffs' opposition under La. Code Civ. P. art. 2164 on the ground that it contained evidence which was not introduced or part of the trial court's record—namely, an email exchange that Plaintiffs contend shows ATG participated in drafting the judgment and approved it. The email exchange was not in the trial court's record. In light of our holding, the issues raised in the motion to strike are pretermitted.

The parties to this case do not dispute these basic tenets, and bad faith is not at issue. The parties likewise agree that case law provides little guidance for resolving the issue presented, at least as portrayed by the parties.[3] The dispute relates to the relief available at this juncture and whether Defendants were required to post the full amount of the judgment to perfect a suspensive appeal on behalf of ATG and its insureds.

Defendants argue that by setting the appeal bond at the full amount of the judgment, the trial court erroneously interpreted La. Code Civ. P. art. 2124(B)(1). The article ("Security to be furnished for an appeal") provides, in pertinent part:

> B.  The security to be furnished for a suspensive appeal is determined in accordance with the following rule[]:
>
> (1)  When the judgment is for a sum of money, the amount of the security ***shall be equal to the amount of the judgment***, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs. . . .

La. Code Civ. P. art. 2124(B) (emphasis added).

According to Defendants, requiring an insurer to post more than its contractual amount as security for a suspensive appeal renders the insurance contract meaningless. Thus, Defendants argue, article 2124(B)(1) cannot be interpreted to require that an insurer—with contractual limits of liability—furnish the entire judgment amount as a security for a suspensive appeal or lose the right to suspensively appeal.

Plaintiffs, on the other hand, argue that article 2124(B)(1)'s use of the mandatory word "shall" requires that a trial judge set the amount of the suspensive appeal bond at the ***full amount*** of the judgment, with no further discretion permitted. Notably, Plaintiffs do not dispute that an insurer is not required to post above its

---

[3] *See generally St. Paul Fire & Marine Ins. Co. v. Nolen Grp., Inc.*, No. CIV.A. 02-8601, 2007 WL 4245740, at *3 (E.D. Pa. Nov. 30, 2007) (in a dispute dealing with similar issues, expressing similar sentiments).

policy limits as a security for a suspensive appeal; they only argue that any error in this case should be taken up by way of attacking the judgment and not by the order setting the suspensive appeal bond, because the bond requirement is only a consequence of the judgment. Thus, according to Plaintiffs, any impermissible threat to contract is an issue for Defendants to contest as it relates to the judgment,[4] not the order relating to the suspensive appeal.

We hold that nothing in La. Code Civ. P. article 2124(B) requires an insurer, with contractually enforceable limits of liability, to post funds in excess of its policy limits to secure a suspensive appeal for its portion of the judgment. Ultimately, this intersection of codal language and contractual obligations is best resolved by understanding that the dispute starts and ends with the insurance contract. When two interpretations of a statute are possible, that which maintains the statute's constitutionality should be followed. *S. Silica of La., Inc. v. La. Ins. Guar. Ass'n*, 2007-1680 (La. 4/8/08), 979 So. 2d 460, 466 ("[I]f a statute is susceptible of two constructions, one of which would render it unconstitutional, or raise grave constitutional questions, the court will adopt the interpretation of the statute which, without doing violence to its language, will maintain its constitutionality.").

Requiring ATG to post a bond in excess of its policy limits as security for a suspensive appeal would render meaningless the limits of the insurance policy, which is a critical term of an insurance contract. *See*, *e.g.*, *Marcus*, 98-2040, 740 So. 2d at 609. The contract clause in our state constitution prohibits the enactment of any law "impairing the obligation of contracts." La. Const. Art. 1, § 23. *See also*

---

[4] Defendants filed a motion in the trial court to amend the final judgment to set forth the specific obligations of each defendant. Defendants and amici suggest that we should order the trial court to amend the judgment to limit the insurer's share of the judgment to policy limits, which would have the effect to limiting the amount of the suspensive appeal bond. Because the issue regarding the judgment is not immediately before us and our holding grants relief on a different basis, which is immediately before us, we need not reach the question of whether the judgment contains sufficient decretal language or should otherwise be amended, and we express no opinion on this issue.

5

U.S. Const. Art. I, Section 10; *State v. All Prop. & Cas. Ins. Carriers Authorized & Licensed To Do Bus. In State*, 2006-2030 (La. 8/25/06), 937 So. 2d 313, 323 (explaining that Contract Clause in the federal and Louisiana Constitutions are "virtually identical" and "substantially equivalent") (citations omitted). If an insurer is required to post a bond on the entire amount of a judgment that exceeds its policy limits and the case is affirmed on appeal, the insurer would be liable on the bond for the entire amount of the judgment. This would impair the parties' freedom of contract and would lead to an untenable result. *See Bowen v. Gov't Employees Ins. Co.*, 451 So. 2d 1196, 1198 (La. Ct. App. 1984) ("[T]he insurance company was not obligated to furnish a suspensive appeal bond for the amount of the judgment in excess of its *in solido* liability with its insured."). Thus, in this case, where it was not clear in the language of the judgment itself (see *supra* n.4), the trial court should have made clear in its order granting Defendants' motion for suspensive appeal and setting the amount of security that ATG was permitted to suspensively appeal the portion of the judgment up to its policy limit.

This holding, however, leaves unresolved a core issue between the parties. Specifically, what happens when an insurer's policy limit, and therefore the amount that it is required to post as security for a suspensive appeal, does not cover the entire amount of the judgment? Defendants present two possible alternative outcomes. First, they suggest that this Court reduce the suspensive appeal amount for all defendants. We decline to adopt this proposal, as the language of La. Code Civ. P. art. 2124(B) is mandatory insofar as it requires that the trial judge set the entire bond equal to the amount of the judgment. *See* La. Code Civ. P. art. 5052 ("When the language of an article is clear and free from ambiguity, its letter is not to be disregarded under the pretext of pursuing its spirit."); art. 5053 ("The word 'shall' is mandatory.").

6

Defendants second alternative is more compelling, and the one with which we agree. Rather than dismiss the remainder of the appeal, the proper resolution is to permit Defendants to suspensively appeal up to the amount of the policy limit, and devolutively appeal the remainder of the case for the insureds. La. Code Civ. P. art. 2124(A). It is well-settled that appeals are favored in the law. *Jackson v. Family Dollar Stores of La. Inc.*, 2018-0170, p.6 (La. 6/27/18), 251 So. 3d 368, 372. And given that there is no statutory prohibition to the contrary, the usual remedy for an insufficient suspensive appeal is to convert it to a devolutive appeal. *See Baton Rouge Bank & Trust Co. v. Coleman*, 91-1209 (La. 6/14/91), 582 So. 2d 191, 192 ("[W]hen an appellant fails to file a *suspensive* appeal from a final judgment timely, the judgment does not thereby acquire the authority of the thing adjudged, and the court of appeal does have jurisdiction to reverse, revise or modify the judgment (as long as the appeal was filed within the time limit for appealing devolutively)."); *Jackson* 2018-0170, p.6, 251 So. 3d at 372. We therefore hold that there is no prohibition on ATG posting a security up to its policy limits for purpose of a suspensive appeal under article 2124(B), and devolutively appealing the remainder under article 2124(A).

Other courts to confront this unusual situation have made similar determinations, recognizing the "differing interests" that require protection. *See Courvoisier v. Harley Davidson of Trenton, Inc.*, 742 A.2d 542, 546 (N.J. 1999) (quotations omitted). On the one hand, an insurer's interest is in obtaining a stay of execution on the portion of the judgment for which it could be liable, and it should not be required to post a bond for the entire judgment when its contractual liability is not coextensive with the judgment. On the other hand, the underinsured defendant wishes for a stay of the entire judgment—but underinsurance alone is not sufficient reason to stay the entire judgment. *Id. See also generally* 17 Couch on Ins. § 248:45 ("[W]here there is a judgment in excess of the policy limits, and the insurer and the

insured have separate and differing interests, the insurer may furnish a bond for the portion of the judgment within the policy limits, and the bond will be given effect pending appeal to stay execution on that portion of the judgment."). When addressing this scenario over a half century ago, the Supreme Court of California, ruling *en banc*, explained:

> Protection of the right of appeal of insurers, and consideration of the rights of insureds and of the judgment creditor require such a result . . . . Failure of the insurer to file any bond may result in the insured losing large amounts of property due to execution sales during the appeal and thus losing in large part, if not entirely, the benefits of the insurance. On the other hand, the insurer cannot be required to post a bond for the entire judgment when its liability does not extend to the entire judgment. Fairness to the insurer and the insured requires that the insurer be permitted to fulfill its covenant of good faith and fair dealing by filing an appeal bond in an amount sufficient to cover the part of the judgment for which it is liable and that the respondent be denied his right to seek execution with regard to such part of the judgment. Such a rule does no harm to the respondent. As to the excess part of the judgment he may seek execution or enter into an agreement to stay execution with the insured, and as to the part of the judgment within the policy limits he will be protected by the bond.

*Merritt v. J.A. Stafford Co.*, 440 P.2d 927, 931-32 (Cal. 1968) (en banc).[5]

In recognition of the duty to defend in good faith, an insurer should make a reasonable effort to help the insured protect his property pending the outcome of the appeal. *See Smith*, 95-2057, p.8, 679 So. 2d at 376 ("[A] liability insurer owes its

---

[5] *See also Fletcher v. Ratcliffe*, No. CIV. A. 89C06160SCD, 1995 WL 790992, at *2 (Del. Super. Ct. Dec. 7, 1995) ("This outcome conforms with the weight of out-of-state authority that holds that an insurer may obtain a stay of judgment up to its policy limit by posting a bond in an amount equal to the policy limit rather than the full judgment. The courts which have examined this issue have generally permitted insurers to file supersedeas bonds which are equal to their policy limits, but less than the underlying judgment. In doing so, these courts have granted partial stays to the extent of the amount of insurance available, while leaving the insured herself subject to execution."); *Todd v. Kelly*, 837 P.2 381, 390 (Kan. 1992) (quoting *Merritt*, 440 P.2d at 931-32); *State ex rel. Brickner v. Saitz*, 664 S.W.2d 209, 214 (Mo. 1984) ("There is no reason to put the insurance company to the choice of paying the plaintiff the full amount of its coverage, with restitution in the event of reversal possibly in jeopardy, or of putting up a bond for the non-covered as well as the covered portion of the judgment so as to provide effective coverage which the insured did not buy."); *Rosato v. Penton*, 442 A.2d 656, 658 (Sup. Ct. N.J. 1981) (finding that insurance company may file a supersedeas bond to its policy limits but the plaintiff may conduct supplementary proceedings to discovering which assets of the insured are subject to execution) (quoting *Merritt*, 440 P.2d at 931-32).

insured the duty to act in good faith and to deal fairly in handling claims"). *See also* McKenzie & Johnson, *id.* at § 7:13.

## CONCLUSION

For the reasons explained, we hold that when a trial court renders a judgment in excess of the policy limits, it follows that the insurer may post a security for the portion of the judgment within the policy limits in order to stay execution on that portion of the judgment. Accordingly, the August 31, 2023 order of the trial court granting a suspensive appeal shall continue to reflect the full amount of the judgment as required by La. Code Civ. P. art. 2124(B), but is hereby amended to provide American Transportation Group Risk shall not be required to post a suspensive appeal bond in excess of its policy limits, and may devolutively appeal the remainder of the judgment.

**RENDERED AS AMENDED AND REMANDED.**

# SUPREME COURT OF LOUISIANA

## No. 2023-CC-01716

### HUBERTO MARTINEZ

#### VS.

### AMERICAN TRANSPORT GROUP RISK RETENTION GROUP, INC., SALAH DAHIR AND STARR CARRIERS, LLC

#### C/W

### ADA LICONA, ROSA RIVERA AND SALBADOR FLORES

#### VS.

### AMERICAN TRANSPORTATION GROUP RISK RETENTION GROUP, INC., SALAH DAHIR, STARR CARRIERS, LLC, ALLSTATE COUNTY MUTUAL INSURANCE COMPANY

*On Supervisory Writ to the 1ˢᵗ Judicial District Court,
Parish of Caddo*

**WEIMER, C.J.**, concurring in the result.

I very respectfully concur in the result based on a civilian reading of the relevant codal provisions. As noted by the majority, Plaintiffs challenge the procedural posture in which the related issue was presented for review:

> [Plaintiffs] **only** argue that any error in this case should be taken up by way of attacking the judgment and not by the order setting the suspensive appeal bond, because the bond requirement is only a consequence of the judgment. Thus, according to Plaintiffs, any impermissible threat to contract is an issue for Defendants to contest as it relates to the judgment, not the order relating to the suspensive appeal. [Footnote omitted.]

**Martinez v. American Transport Group Risk Retention Group, Inc.**, 23-01716, slip op. at 5 (La. 10/  /24) (emphasis added). Plaintiffs' only argument lacks merit as La. C.C.P. art. 2124(C) clearly allows a party to challenge the amount the trial court set as security by filing a supervisory writ with the court of appeal.

In pertinent part, La. C.C.P. art. 2124 provides:

> B. The security to be furnished for a suspensive appeal is determined in accordance with the following rules:
>
> (1) When the judgment is for a sum of money, the amount of the security **shall** be equal to the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs.
>
> . . . .
>
> C. Where the party seeking to appeal from a judgment for a sum of money is **aggrieved** by the **amount of the security fixed by the trial court, the party so aggrieved may seek supervisory writs to review the appropriateness of the determination of the trial court in fixing the security**. The application for supervisory writ shall be heard by the court of appeal on a priority basis. The time for taking a suspensive appeal under Article 2123 shall be interrupted until the appellate court acts on the supervisory writs to review the determination of the trial court in fixing the security and commences anew on the date the action is taken. [Emphasis added.]

Paragraphs (B) and (C) of Article 2124 should be read *in pari materia*. Although the trial court "shall" set the amount of the security based on the judgment, if that results in a party being "aggrieved," the "the party so aggrieved may seek supervisory writs to review the appropriateness of the determination of the trial court in fixing the security." Implicit in providing an opportunity to a "party so aggrieved" "by the amount of security fixed by the trial court" is the authorization of the court of appeal to alter the security amount so as to provide relief to the aggrieved party, provided the record previously developed in the trial court supports such relief. A straight-forward civilian reading of the entirety of La. C.C. art. 2124 provides a clear resolution to the issue posed in this case.

Here, the defendant insurance company was "aggrieved by the amount of the security fixed by the trial court" because that amount was greater than the policy

limits established by contract.  The insurance policy is in the record.  Accordingly,

I respectfully concur in the result in this case.